605 A.2d 785

JEANNE P. GALLAGHER, PLAINTIFF, v. FIRST DEPENDABLE MORTGAGE CO., INC., DEFENDANT.

Superior Court of New Jersey
Law Division Special Civil Part
Essex County

February 21, 1992.

*Jeanne P. Gallagher,* plaintiff, pro se.

No one appeared for the defendant.

FAST, J.S.C.

Plaintiff's complaint recites, *inter alia*, that: plaintiff successfully prosecuted a real estate tax appeal for the defendant in Jersey City, and obtained a "reduction in the defendant's Real Estate taxes on this property with a cash refund to the plaintiff of [$3,645.50] for the year 1990", that defendant paid a retainer of $125.00 and there is a balance due of $786.57.

Plaintiff testified that the reduction was a settlement negotiated by her in behalf of defendant with the attorney for Jersey City and that the assessment was reduced from $226,400 to $125,000. Plaintiff is not an attorney.

Plaintiff, on presentation of this claim in the Small Claims Court, emphasized that she does not, and can not, cross-examine witnesses because she is not an attorney; she is an appraiser. However, she disputed the idea that she had been engaged in the practice of law.

Evidence submitted in this action by the plaintiff included a memorandum dated March 5, 1991 from the plaintiff to the defendant reciting, *inter alia*, that:

"Since the appeal was filed in the name of a Corporation, the Stipulation must be signed by an *Attorney at Law.* [sic] A Corporation must be represented by an Attorney."

The bill submitted to defendant was referenced for "tax appeal, inspection, appraisal, appearance and settlement of claim." It recited an "agreed fee—25%".

Correspondence from plaintiff indicated that she is the president of State Wide Tax Appeal/Appraisal Service.

It is my opinion that the complaint must be dismissed. The instant case is surprisingly similar to *Stack v. P.G. Garage, Inc.,* 7 *N.J.* 118, 80 *A.*2d 545 (1951), also coincidentally relating to a tax appeal before the Hudson County Tax Board. The plaintiff in that case, likewise not an attorney, prepared and filed a petition of appeal and engaged an attorney to examine and cross-examine witnesses at the hearing.

In the *Stack* case, the Supreme Court of New Jersey also denied relief to the plaintiff, noting that "... it is the character of the acts performed and not the place where they are done that is decisive" to determine the practice of law. It is not necessarily limited to the conduct of cases in court but is engaged in whenever and wherever legal knowledge, training, skill and ability are required.

The Court also stated that:

"There can be little doubt that the jurisdiction of the county tax board is *quasi*-judicial in nature and that the prosecution of an appeal before it constituted the practice of law."

The instant case is an extension of that case, with the result more certain in my opinion, because in *Stack* the plaintiff did in fact engage an attorney to conduct the hearing before the county tax board. As noted in *Stack:*

"... it is readily apparent that the plaintiff in agreeing to prosecute the appeal for the defendant was contracting to furnish legal services without being licensed to do so. Not only is such a contract illegal as against public policy, but by entering into and carrying out such an agreement the plaintiff has violated *R.S.* 2:111–1 wherein such conduct is made a misdemeanor. The contract between the plaintiff and the defendant is entire and not severable, and it follows that when a part of it is illegal and in violation of a penal statute

the entire contract is illegal, void and unenforceable and the court will leave the parties where it finds them., ..."

Plaintiff here did not retain an attorney but simply noted that an attorney at law had to have signed a stipulation on behalf of the appealing corporation.

The fact that the instant matter was settled, and therefore did not require the presentation of formal testimony or exhibits, does not affect my determination. Plaintiff's acknowledgment to her client that an attorney was required for the stipulation is likewise an acknowledgement that it is not the formality of the proceeding, but rather the representational nature of the matter in an adversarial capacity that required an attorney.

Likewise, my opinion is not affected by the fact that the stipulation was signed by an attorney chosen by the property owner, as distinguished from *Stack* where the plaintiff hired an attorney unknown to the property owner. The attorney who signed the stipulation did not represent defendant during the adversarial negotiation; plaintiff represented defendant in that adversarial process. The conclusion in *Stack*, to wit, "[s]uch a practice, if tolerated, would destroy the confidential relationship of attorney and client, thwart the control of the courts over the practice of law, and irreparably impair the sound administration of justice", applies equally well here.

Opinion # 25 of the Committee on the Unauthorized Practice of Law (published in the New Jersey Law Journal on January 13, 1992) concluded similarly:

"Accordingly this Committee finds that the solicitation of tax appeals by individuals not authorized to practice law or tax consulting groups constitutes the unauthorized practice of law."

The complaint is dismissed.